UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JANE DOE, )<br>      Plaintiff, )<br> )<br>v. )<br> )<br>PURDUE UNIVERSITY, *et al.*, )<br>      Defendants. ) | CAUSE NO.: 4:17-CV-94-JVB-JEM |

**PROTECTIVE ORDER**

This matter is before the Court on an Ex Parte Motion for Leave to Amend Complaint to Preserve Anonymity [DE 13], filed *ex parte* by Plaintiff Jane Doe on December 7, 2017.

Plaintiff requests that the Court grant her leave to proceed anonymously during the pendency of the briefing and decision on her motion to proceed under pseudonym. The Complaint alleges the mishandling of a sexual assault investigation and includes highly sensitive facts. Plaintiff represents that news articles have already been published referring to her Complaint, and she fears public disclosure prior to resolution of her request to proceed under a pseudonym. Accordingly, she seeks leave to amend her Complaint to anonymize her name and the name of her alleged attacker. She also requests that she be permitted to serve her request to proceed under a pseudonym along with the amended complaint.

The Seventh Circuit Court of Appeals has explained that "[t]he use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Doe v. Blue Cross and Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *see also Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996) (recognizing that courts have permitted

proceeding under a fictitious name in exceptional cases "where the party has a privacy right so substantial as to outweigh the 'customary and constitutionally-embedded presumption of openness in judicial proceedings'" (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981))). The Seventh Circuit Court of Appeals has also said that "the presumption that parties' identities are public information, and the possible prejudice to the opposing party from concealment, can be rebutted by showing that the harm to the [party requesting anonymity] . . . exceeds the likely harm from concealment." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004); *see also Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 721 (7th Cir. 2011), *aff'd en banc in relevant part*, 687 F.3d 840, 842-43 (7th Cir. 2013). In this case, the Court finds that Plaintiff has laid out sufficient reason for proceeding anonymously for at least the time it takes to allow time for Defendants to review the Complaint and Plaintiff's motion to proceed under a pseudonym.

Accordingly, the Court hereby **GRANTS** the an Ex Parte Motion for Leave to Amend Complaint to Preserve Anonymity [DE 13]. The Court **ORDERS** that the parties use the pseudonym "Jane Doe" to refer to Plaintiff and "Jack Roe" to refer to her alleged attacker, and **ORDERS** the parties to refrain from revealing the identity of Jane Doe or Jack Roe.

The Court **DIRECTS** the Clerk of Court to amend the caption to show "Jane Doe" as party plaintiff, to **SEAL** the documents which refer to the full name of Plaintiff [DE 1-12, 15, 17, and 18] and to **REDACT** her name from the text describing the docket entries.

The Court **ORDERS** Plaintiff to file and serve a properly-redacted Amended Complaint on or before **January 12, 2018**, and to serve on Defendants a copy of the Motion to Proceed Under

2

Pseudonym [DE 4] by that same date. Defendants' response to the motion is to be filed by **January 30, 2018**, with any reply to be filed by Plaintiff on or before **February 9, 2018**.

So ORDERED this 8th day of January, 2018.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. Martin<br>
UNITED STATES DISTRICT COURT

cc:    All counsel of record