**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 4:17-CV-00094-JVB-JEM |
| | ) | |
| PURDUE UNIVERSITY, MITCHELL | ) | |
| ELIAS DANIELS, ALYSA CHRISTMAS | ) | |
| ROLLOCK, KATHERINE L. | ) | |
| SERMERSHEIM, MONICA BLOOM, | ) | |
| ERIN OLIVER, and JACOB AMBERGER, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendants Mitchell Elias Daniels, Jr., Alysa Christmas Rollock, Katherine Sermersheim, Monica Bloom, Erin Oliver, and Jacob Amberger (collectively, the "Individual Defendants") and The Trustees of Purdue University ("Purdue" or "Purdue University") (collectively, "Defendants"), by counsel, move under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Plaintiff Jane Doe's Amended Complaint (ECF No. 20) ("Complaint").

Counts I and II fail to state a Title IX claim for deliberate-indifference to a hostile educational environment. Doe does not fault Purdue for the occurrence of the alleged December 5, 2015 assault. Doe does not allege any recurrence (or prospect of recurrence). Therefore Doe fails to state a claim against Purdue University for causing her to undergo harassment. Doe's allegation that Purdue was neglectful of her remedial needs fails to state a claim for deliberate indifference to risk of future harassment.

Title IX does not create a private right of action for disparate impact cases. Therefore Doe's disparate impact allegation fails to state a Title IX claim. Title IX also does not provide

1

Doe a private right of action to grieve that she was denied retributive justice against Jack Roe.

Doe's Count III fails to state a Section 1983 claim against Purdue University. Purdue University is not a "person" under Section 1983. The Eleventh Amendment also precludes subject-matter jurisdiction for Doe's Section 1983 allegations against Purdue University for any damages or injunctive relief and against the Individual Defendants in their official capacity for damages. Count IV, attempting to state a *Monell* claim under Section 1983, fails to state a claim for these same reasons.

Doe fails to state a claim under Section 1983 against the Individual Defendants in their individual capacity for deprivation of a constitutionally protected property or liberty interest or for denial of equal protection. The Complaint does not identify any act or omission by any Individual Defendant that deprived Doe of personal security or bodily integrity. The due process clause generally confers no affirmative right to governmental aid. The Complaint alleges facts showing that Doe had notice and an opportunity to be heard.  Doe has not alleged any plausible facts to show that any of the Individual Defendants acted with a nefarious discriminatory purpose based on her membership in a definable class.

The Individual Defendants have qualified immunity for their discretionary actions because no case stated with requisite specificity, as of the dates of the events alleged in the Complaint, that constitutional due process or equal protection requirements required the Individual Defendants to act differently than they did. The Individual Defendants were acting in a quasi-judicial capacity and therefore also have absolute immunity to claims under Section 1983 regarding their investigation and decision of Jane Doe's allegation against Jack Roe.

Doe demands injunctive relief only from Purdue University, which is only answerable to Counts I and II under Title IX. The Complaint Doe fails to state a claim for injunctive relief and

fails to allege an actionable injunctive relief controversy within this Court's subject-matter

jurisdiction because the Complaint does not allege any present or imminent danger of a Title IX

violation.

A brief in support of this motion is filed herewith.

Respectfully submitted,

/s/ William P. Kealey
William P. Kealey
Attorney No. 18973-79
Stuart & Branigin LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email: wpk@stuartlaw.com
Telephone: 765.423.1561

*Attorney for Defendants Purdue University,
Mitchell Elias Daniels, Alysa Christmas Rollock,
Katherine L. Sermersheim, Monica Bloom, Erin
Oliver, and Jacob Amberger*

## CERTIFICATE OF SERVICE

I certify that on the 30th day of January, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

| John Mark Vouga | Andrew J. Spica |
|---|---|
| VOUGA & BARNES, LLC | VOUGA & BARNES, LLC |
| 3363 Willowcreek Road | 3363 Willowcreek Road |
| Portage, IN 46368 | Portage, IN 46368 |

/s/ William P. Kealey
William P. Kealey

1004416v1

3